Alan J. Leiman (OSB No. 980746)
alan@leimanlaw.com
Leiman Law, P.C.
PO Box 5383
Eugene, OR  97401

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **MARK ZURFLUH,** individually,<br><br>Plaintiff,<br><br>          v.<br><br>**THE WILLAMETTE VALLEY COMPANY LLC,** an Oregon Domestic Limited Liability Company,<br><br>Defendant. | **CASE NO.**: 6:23-cv-00115<br><br>**COMPLAINT**<br>(AMERICANS WITH DISABILITIES ACT 42 U.S.C. § 112101 et seq.; ORS 659A.)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Mark Zurfluh ("Plaintiff", or "Mr. Zurfluh"), brings this action for disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C.§12112, and ORS 659A, against The Willamette Valley Company LLC ("Defendant", or "WVC"). Mr. Zurfluh makes his allegations based upon personal knowledge, information, and belief.

**JURISDICTION AND VENUE**

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 29 U.S.C. §216(b), and 42 U.S.C §12117.  Jurisdiction of the state law claims is conferred on this Court by 28 U.S.C. § 1367 because the state law claims form a part of the same case or controversy as the federal claims under Article III of the United States Constitution.

2. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this complaint occurred in the District of Oregon.

1 – Complaint

## PARTIES

3. Plaintiff Mark Zurfluh resides in Lane County, Oregon and was employed by Defendant WVC at its Eugene, Oregon manufacturing facility as a Production Technician from on or around October 22, 2012 until Defendant terminated Plaintiff's employment on August 26, 2021.

4. At all times material to this Complaint, Mr. Zurfluh was an individual with a disability, withing the meaning of 42 U.S.C. § 12102(1)(A), because as the result of work related injuries, he suffered from an injured back and shoulder that substantially limits one or more life activity. Mr. Zurfluh made his disability known to Defendant, and Defendant knew about Plaintiff's disability when it took adverse actions and terminated Plaintiff. Moreover, Mr. Zurfluh was a qualified individual with a disability, within the meaning of 42 U.S.C. § 12111(8), because he was able to perform the essential functions of his job with reasonable accommodation.

5. Defendant Willamette Valley Company, LLC. is an Oregon domestic limited liability that acted as Plaintiff's "employer" within the meaning of 42 U.S.C. § 12111 because it employed 15 or more people for each working day during each of 20 or more calendar workweeks in the calendar year of and previous to the events described in this Complaint. Defendant was also Plaintiff's "employer" within the meaning of ORS 659A.106.

## FACTS

6. Defendant WVC manufactures primers, sealers, paints and other products at a facility in Eugene, Lane County, Oregon

7. On August 26, 2021, Mr. Zurfluh was assigned by his supervisor, Lead Technician Ricardo Garcia ("Garcia"), to wash totes. Mr. Zurfluh told Garcia that he was unable to perform this task because he was experiencing substantial back, neck, and shoulder pain from prior on-the-job injuries when performing the task of tote washing.

8. Plaintiff Zurfluh was able to perform the essential functions of his position as a Production Technician, and on August 26, 2021 he was performing those functions until he was tasked with washing totes and he promptly reported his disability and injured worker status to Defendant.

9. When Mr. Zurfluh reported his disability and injured status while on the job on August, 26, 2021, Defendant was on notice that Mr. Zurfluh had previous on-the-job injuries and prior workers' compensation claims. Defendant knew, or should have known, that a workers' compensation claim relating to Mr. Zurfluh's injured status on August 26, 2021 was likely.

10. Plaintiff's supervisor Garcia told Defendant's Operations Manager, Peter Kinkead ("Kinkead") that Mr. Zurfluh was reporting that he was physically unable to wash totes and that he was injured.

11. Operations Manager Kinkead spoke with Mr. Zurfluh, who stated again that pain from work related back, neck, and shoulder injuries was preventing him from washing totes. Kinkead ended the conversation by terminating Mr. Zurfluh's employment.

12. Defendant was unwilling to accommodate Mr. Zurfluh, or enter into the interactive process, or see if a reasonable accommodation could be made, when on August 26, 2021, Mr. Zurfluh reported that pain from on-the-job-injuries was substantially interfering with his ability to perform a particular task, even though Mr. Zurfluh had been working with the pain on other tasks during the same workday. Instead, Defendant terminated Mr. Zurfluh's employment.

13. Mr. Zurfluh filed a workers' compensation claim on or around September 9, 2021.

14. On November 29, 2021, Plaintiff filed a complaint with the Oregon Bureau of Labor and Industries which was co-filed with the Equal Employment Opportunity Commission ("EEOC"). The EEOC closed its investigation and issued a Notice of Right to Sue on January 18, 2023, to expire 90 days thereafter. This action is timely filed within that timeframe.

3 – Complaint

## FIRST CLAIM FOR RELIEF
(American with Disabilities Act - 42 U.S.C § 12112)

15. Plaintiff Zurfluh re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 14 above.

16. Defendant WVC discriminated against Mr. Zurfluh in violation of 42 U.S.C. § 12112 when it failed to reasonably accommodate him, or to engage in an interactive process, or to determine if a suitable accommodation could be made when Mr. Zurfluh reported his disability on August 26, 2021.

17. Defendant WVC discriminated against Mr. Zurfluh in violation of 42 U.S.C. § 12112 when it terminated his employment on August 26, 2021 after Mr. Zurfluh reported his disability to Defendant.

18. In addition to economic damages, Plaintiff Zurfluh is entitled to recover for the non-economic damages he has suffered, including emotional distress, as a result of Defendant's violations of the American with Disabilities Act. These damages are continuing. Plaintiff Zurfluh is entitled to recover payment for the non-economic damages in an amount to be determined by the jury at trial but not to exceed $500,000.

19. Defendant WVC's actions were taken in bad faith, maliciously or with reckless indifference to Plaintiff Zurfluh's rights, entitling him to punitive damages in an amount to be determined by a jury but not to exceed $500,000.

20. Plaintiff Zurfluh is entitled to reasonable attorney fees and costs, including expert witness fees, pursuant to 42 U.S.C. § 12205. Plaintiff is entitled to pre-judgment and post-judgment interest pursuant to 28 U.S.C. § 1961.

## SECOND CLAIM FOR RELIEF
### (ORS 659A.040)

21. Plaintiff Zurfluh re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 14 above.

22. Defendant WVC discriminated against Mr. Zurfluh in violation of ORS 659A.040 by changing the terms and conditions of Mr. Zurfluh's employment based on his use of the Worker's Compensation system.

23. Plaintiff Zurfluh seeks front pay, backpay, and non-economic damages for the emotional distress he suffered as a result of Defendant's discrimination in violation of ORS 659A.040 in an amount to be proven at trial, and reasonable attorney fees and costs of this action, as provided by ORS 659A.885.

## THIRD CLAIM FOR RELIEF
### (ORS 659A.040)

24. Plaintiff Zurfluh re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 14 above.

25. Defendant WVC discriminated against Mr. Zurfluh in violation of ORS 659A.040 by terminating his employment based on his use of the Worker's Compensation system.

26. Plaintiff Zurfluh seeks front pay, backpay, and non-economic damages for the emotional distress he suffered as a result of Defendant's discrimination in violation of ORS 659A.040 in an amount to be proven at trial, and reasonable attorney fees and costs of this action, as provided by ORS 659A.885.

////

////

## FOURTH CLAIM FOR RELIEF
### (ORS 659A.112)

27.     Plaintiff Zurfluh re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 14 above.

28.     Defendant WVC discriminated against Mr. Zurfluh in violation of ORS 659A.112 when Defendant imposed different terms and conditions of employment on the basis of Mr. Zurfluh's disability.

29.     Plaintiff Zurfluh seeks front pay, backpay, and non-economic damages for the emotional distress he suffered as a result of Defendant's discrimination in violation of ORS 659A.112 in an amount to be proven at trial, and reasonable attorney fees and costs of this action, as provided by ORS 659A.885.

## FIFTH CLAIM FOR RELIEF
### (ORS 659A.112)

30.     Plaintiff Zurfluh re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 14 above.

31.     Defendant WVC discriminated against Mr. Zurfluh in violation of ORS 659A.112 by terminating Plaintiff's employment on the basis of his disability.

32.     Plaintiff Zurfluh seeks front pay, backpay, and non-economic damages for the emotional distress he suffered as a result of Defendant's discrimination in violation of ORS 659A.112 in an amount to be proven at trial, and reasonable attorney fees and costs of this action, as provided by ORS 659A.885.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule Of Civil Procedure 38(b), Plaintiff Zurfluh hereby demands a trial by jury as to all issues.

**PRAYER FOR RELIEF**

WHISEFORE, Plaintiff Zurfluh respectfully asks the Court to grant the following relief against Defendant:

1. On the First, Second, Third, Fourth, and Fifth Claims for Relief:

    a. Front pay in an amount to be determined by the Court because reinstatement is not practicable;

    b. Past lost earnings and benefits of employment in an amount to be proven at trial;

    c. Non-economic damages to be proven at trial;

    d. Punitive damages in an amount to be proven at trial;

    e. Costs in this action, including Plaintiff's reasonable attorney fees, costs, and expert witness fees;

    f. Pre-judgment and post-judgment interest, as appropriate, on all amounts due to Plaintiff as a result of this action; and

    g. Such other relief as the Court deems just and proper.

DATED January 24, 2023.

Respectfully submitted,

　/s Alan J. Leiman_____
Alan J. Leiman
E-mail: alan@leimanlaw.com
Oregon State Bar No.: 980746
Leiman Law, P.C.
PO Box 5383
Eugene, OR  97405
Telephone: (541) 345-2376
Attorney for Plaintiff